[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Federal Deposit Insurance Corporation ("FDIC") is the successor by receivership to the Saybrook Bank Trust ("Saybrook"). The FDIC has brought suit against the defendants on a Revolving Credit Agreement and personal CT Page 2510-E guarantees' executed by the defendants. Discussions with both Saybrook and the FDIC were held by one or more of the defendants' principals in an attempt to resolve a number of items on which the defendants' principals were obligated to Saybrook, including the Credit Agreement and guarantees at issue in this suit. Defendant Edwin Baum admits all the allegations in the plaintiff's complaint, but alleges by way of special defense that he had reached a settlement agreement with Saybrook which was not consummated only because Saybrook closed and was taken over by the FDIC.
The court holds that summary judgment should be granted. Defendants' special defense is legally insufficient underD'Oench Duhme Co. v. FDIC, 315 U.S. 447, 62 S.Ct. 676,86 L.Ed. 956 (1942) as codified under 18 U.S.C. § 1823(e). Section 1823(e) provides:
"No agreement which tends to diminish or defeat the interest of the Corporation (FDIC) in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as a receiver of any insured depository institution, shall be valid against the Corporation unless such agreement:
1. is in writing,
 2. was executed by the depository institution and any person claiming an adverse interest there-under, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
 3. was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
 4. has been, continuously, from the time of its execution, an official record of the depository institution."
There has been no agreement in writing executed by the Saybrook Bank and the defendants, nor was any such agreement approved by the Board of Directors or its loan committee which was reflected in minutes of said Board, nor has any such final agreement been made an official record of the Saybrook Bank. CT Page 2510-FLangley v. F.D.I.C., 484 U.S. 86 (1987). Also see the following Connecticut cases: Suffield Bank v. Berman, CV900376564 (Jan. 29, 1993); FDIC v. Blonder, CV9044764S (Apr. 30, 1993); FDIC v. Briarwood Dev., CV92295867 (Sept. 3, 1993);FDIC v. Conant, CV91280230 (Sept. 9, 1993).
Although the Bank's records indicate that negotiations were in progress, no final agreement was reached which would comply with the requirements of 18 U.S.C. § 1823 (e).
Accordingly, the Motion for Summary Judgment is granted as to liability.
Frances Allen State Judge Referee